STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
Civil Action
Docket No. POR-RE-11-475
RAC — CUM-4/10/2013

PNC Bank, National Association,          )
                                         )
                Plaintiff                )
                                         )
                vs.                      )
                                         )
Alan D. Curtis and Laurie Curtis,        )
                                         )
                Defendants               )

STATE OF MAINE
Cumberland, ss, Clerks Office

APR 10 2013

RECEIVED

## JUDGMENT OF FORECLOSURE AND SALE
(Title to Real Estate is Involved)
**Mortgage recorded in Cumberland County Registry of Deeds in Book 22864, Page 223.**
**Street Address: 46 State Street, Gorhm, Maine**

This matter came before the Court on Plaintiff's Motion for Summary Judgment. (After hearing) (Pursuant to Rule 7(c)), Plaintiff's Motion for Summary Judgment is granted. Based upon the pleadings and affidavits, the Court finds as follows:

1. That Defendant has breached the condition of Plaintiff's mortgage dated June 24, 2005, and recorded in the Cumberland County Registry of Deeds in **Book 22864, Page 223** regarding the property located at 46 State Street, Gorham, Maine.

2. As of May 1, 2012, the amount due under the terms of said Note and Mortgage is:

| | |
|---|---|
| Principal balance | $266,304.65 |
| Accrued interest | $ 24,771.82 |
| Pro Rata MIP/PMI | $     297.60 |
| Escrow advance | $  7,624.42 |
| Total fees | $     153.00 |
| Accumulated late charges | $     425.90 |
| Other fees due | $      36.00 |
| Recoverable Balance | $     550.00 |
| | |
| Total | $300,163.39 |

Pursuant to 14 M.R.S.A. § 1602-B and § 1602-C, the prejudgment interest rate is 5.875% per annum of said principal balance and the post-judgment interest rate is 6.120% per annum.

Plaintiff is awarded Attorney's Fees in the amount of $1,250.00 and Attorney's Disbursements in the amount of $764.92.

Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security.

3. The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST: The Plaintiff by virtue of the mortgage in **Book 22864, Page 223**, in the amount set forth above.
SECOND: The Defendants.

4. The Plaintiff's claim for attorney's fees is integral to the relief sought, within the meaning of Rule 54(b)(2) M.R.Civ.P., and there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, because said fees are based on a flat fee agreement.

WHEREFORE, it is hereby ordered and decreed that if Defendant does not pay the Plaintiff the amount due, together with accrued interest and late charges as set forth above, within ninety days of the date hereof, Plaintiff shall sell the mortgaged real estate pursuant to 14 M.R.S.A. §6321 et seq. and disburse the proceeds of said sale after deducting the expenses thereof, in the amounts and priorities as determined above. The surplus, if any, shall be deposited with the Clerk for the benefit of the Defendant in accordance with the statute, unless the Defendant enters an appearance in this action.

Plaintiff is granted exclusive possession of the real estate mortgaged to it upon expiration of the statutory ninety (90) day redemption period. A Writ of Possession shall be issued to Plaintiff for possession of said real estate if it is not redeemed, as aforesaid.

The following provisions are set forth pursuant to 14 M.R.S.A.§2401:

1. The names and addresses, if known, of all parties to the action, including the counsel of record, are set forth in Schedule A attached hereto.

2. The docket number is POR-RE-11-1475.

3. The Court finds that all parties have received notice of the proceeding in accordance with the applicable provisions of the Maine Rules of Civil Procedure. Such notice was not given pursuant to an order of court.

4. The street address and a description of the real estate involved are set forth in Schedule B attached hereto.

5. The Plaintiff is responsible for recording the attested copy of the judgment and for paying the appropriate recording fees.

The Clerk is hereby directed to enter this Judgment as a final judgment pursuant to Rule 54(b)(1).

The Clerk is specifically directed pursuant to M.R.Civ.P. Rule 79(a) to enter this Judgment on the civil docket by a notation incorporating it by reference.

DATED: _____April 9, 2013_____    _____
                                   Justice, Superior Court

**Date entered in the docket book:** _4-10-2013_

SCHEDULE A

**Name and Address of Party**        **Name and Address of Counsel**

| Name and Address of Party | Name and Address of Counsel |
|---|---|
| PNC Bank, National Association<br>c/o PNC Mortgage<br>3232 Newmark Drive<br>Miamisburg, OH 45342 | Leslie E. Lowry, III, Esq. #2799<br>Jensen Baird Gardner & Henry<br>Ten Free Street<br>P.O. Box 4510<br>Portland, Maine 04112 |
| Alan D. Curtis<br>203B Main Street<br>Gorham, ME 04038 | None |
| Laurie Curtis<br>185 A Ward Street<br>Manchester, NH 03104 | None |

SCHEDULE B
**46 State Street, Gorhm, Maine**

A certain lot or parcel of land, with the buildings thereon, situated in Gorham, County of Cumberland, State of Maine, and being more particularly bounded and described as follows:

Two certain lots or parcels of land with the buildings thereon, situated on the southerly side of State Street, in Gorham Village, Gorham, Cumberland County, Maine, bounded and described as follows:

Parcel One: The same premises conveyed to Asa Palmer by Thomas Sykes on May 26, 1860, said parcel being described as follows: Having four (4) rods fronting on State Street, and extending back southerly twelve (12) rods carrying the width of four (4) rods; and bounded westerly by Charles Paine's land; thence easterly by land of Moses Quimby (and occupied by Reverend Mr. Baxter); and southerly by land formerly belonging to Tappan Robie, and then owned by L.S. Files.

Parcel Two: Commencing on said State Street at the northwest corner of land now or formerly of one Millett; thence westerly by said street ten (10) feet to an iron rod set in the ground; thence southerly on a line parallel with the west sideline of said Millett's land, and holding a width of ten feet therefrom, to land now or formerly of George J. Trestrup to an iron rod; thence easterly by said Trestrup's land ten (10) feet to the southwest corner of said Millett land; thence northerly by said Millett land to the place of beginning.

For informational purposes only: the APN is shown by the County Assessor as Map 102 Lot 32.